Charles A. Loreto, J.
Motion to amend the answer to include the affirmative defense alleging that the offending crane was operated by employees of Steel Structures, Inc., that plaintiff was an employee of that corporation, that the injuries plaintiff sustained, if any, were caused by the negligence of plaintiff’s coemployees and therefore plaintiff’s exclusive remedy is workmen’s compensation.
*342 When a person is injured in the course of his employment and as a result of the negligent act of a coemployee, workmen’s compensation is the ft exclusive remedy ” available to him (Workmen’s Compensation Law, § 29, subd. 6). However, the compensation statute makes specific provision for a third-party suit by an employee if he is injured in the course of his employment * ‘ by the negligence or wrong of another not in the same employ ’ ’ (§ 29, subd. 1).
Plaintiff alleges that defendant owned the crane and rented it to another for use on the job. The negligence charged in the complaint against the defendant is twofold — one, the furnishing of the crane in a defective condition, and, two, careless operation by its employee. Although admitting ownership, the defendant in its answer denies the charges of negligence and also denies that the crane was operated by its employee.
As to the first specification of negligence charged to the defendant, the proposed defense is inapplicable. As to the second specification of negligence, charging careless operation of the crane by defendant’s employee, it appears that although defendant has denied in its answer that the operator was its employee, now in its proposed defense it alleges that he was its employee and that plaintiff was a coemployee of the former at the time of the accident. Whose employee the crane operator was at the time, may well be a question of fact to be resolved at the trial. Therefore, whether the defense would be effectual must depend upon the proof at the trial. It would be availing only if the negligence of the alleged plaintiff’s coemployee was the sole proximate cause of the accident. If, moreover, under this specification of negligence, the defendant’s negligence was the sole or contributing cause of the accident, independent of that of the crane operator, then the defense would be unavailing (Mitchell v. A. A. Truck Renting Corp., 9 A D 2d 682).
Where the sole proximate cause of the injuries sustained by the plaintiff employee is the negligence of a coemployee, since the Workmen’s Compensation Law has freed the fellow employee from liability giving to the injured party a remedy in compensation, the employer also is made immune to the injured employee’s suit. For if this were not so, then the employer against whom recovery were had under such circumstances would have the right to recover from the active tortfeasor, the coemployee, and the purpose of the statute freeing the latter of liability would be defeated. (Naso v. Lafata, N Y 2d 585; see, 2 Larson, Workmen’s Compensation [1959 Cum. Supp.], § 72.20, pp. 51-52.) That in Rauch v. Jones (4 N Y 2d 591) a derivative liability of the owner of the offending motor *343 vehicle arising by virtue of the Vehicle and Traffic Law was involved does not distinguish it from the case at bar. In fact, it Was there held that recovery, against the owner of the motor vehicle whose liability was based solely on consent to its use implied by the statute, would be disallowed on a plea that its operator was the plaintiffs’ coemployee.
The motion is accordingly granted.
(Supplemental opinion; Feb. 5, 1960)
Charles A. Loreto, J.
The opinion herein, dated January 91, 1960, is amended by striking therefrom the words in the second sentence of the second paragraph beginning with ‘ ‘ now in its proposed defense ’ ’ to the end of the sentence, and substituting therefor the words “now in its proposed defense it alleges that plaintiff was a coemployee of the crane operator at the time of the accident.”